IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VICKIE JONES                                                    PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:23-cv-593-HTW-LGI

DOLLAR TREE STORES, INC.; FAMILY
DOLLAR STORES OF MISSISSIPPI, LLC;
FAMILY DOLLAR STORES OF
MISSISSIPPI, INC.; FAMILY DOLLAR STORES, INC.
JOHN DOE ENTITIES 1-5; and JOHN DOE PERSONS 1-5          DEFENDANTS

## COMPLAINT
### (Trial by Jury Requested)

COMES NOW, Plaintiff Vickie Jones, by and through counsel, and files her Complaint

against Defendants Dollar Tree Stores, Inc. ("Dollar Tree"), Family Dollar Stores of Mississippi,

LLC, Family Dollar Stores of Mississippi, Inc., and Family Dollar Stores, Inc., and in support

hereof would show unto the Court as follows:

### I.  Parties

1)        Plaintiff Vickie Jones is an adult resident of Kansas City, Jackson County,

Missouri residing at 1310 NW 82nd Street, Apt 8-026, Kansas City, Missouri 64118.

2)        Defendant Dollar Tree Stores, Inc. is a foreign corporation, organized under the

laws of the State of Virginia, with its principal place of business located at 500 Volvo Parkway,

Chesapeake, Virginia 23320, and may be served with process of this Court on its Registered Agent,

Corporation Service Company, located at 109 Executive Drive, Suite 3, Madison, MS 39110.

3)        Defendant Family Dollar Stores of Mississippi, LLC is a foreign corporation,

organized under the laws of the State of Virginia, with its principal place of business located at

500 Volvo Parkway, Chesapeake, Virginia 23320, and may be served with process of this Court

on its Registered Agent, Corporation Service Company, located at Corporation Service Company, 109 Executive Drive, Suite 3, Madison, MS 39110

4)      Defendant Family Dollar Stores of Mississippi, Inc. is a corporation organized under the laws of the State of Mississippi, with its principal place of business located at P.O. Box 1017 Charlotte, North Carolina 28201-1017, and may be served with process of this Court on its Registered Agent, The Prentice-Hall Corporation System, Inc., located at 109 Executive Drive, Suite 3, Madison, MS 39110.

5)      Defendant, Family Dollar Stores, Inc., is a corporation organized under the laws of the State of Mississippi, with its principal place of business located at P.O. Box 1017 Charlotte, North Carolina 28201-1017, and may be served with process of this Court on its Registered Agent, The Prentice-Hall Corporation System, Inc., located at 109 Executive Drive, Suite 3, Madison, MS 39110.

6)      Upon information and belief, Defendants Dollar Tree Stores, Inc., Family Dollar Stores of Mississippi, LLC, Family Dollar Stores of Mississippi, Inc. and/or Family Dollar Stores, Inc. own and operate Family Dollar #2180, located at 304 East Government Street, Brandon, MS 39042-3262.

7)      John Doe Entities 1-5 are any unknown companies who may have been responsible for or who may have contributed to the negligence alleged herein, specifically, the correct entity for Family Dollar if it is not listed above.  They may be added as named defendants when their identities become known.

8)      John Doe Persons 1-5 are any unknown persons who may have been responsible for or contributed to the negligence alleged herein.  They may be added as named defendants when their identities become known.

## II.  Jurisdiction

9)        Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, in that the

parties are citizens and/or entities of different states, and the amount in controversy exceeds the

sum of $75,000, exclusive of interests and costs.

10)        Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that a substantial

part of the events or omissions giving rise to the claim occurred in this district and division.

## III.  Basic Facts Giving Rise to Claim for Relief

11)        On or about, September 19, 2020 Plaintiff was shopping at Family Dollar #2180 as

a business invitee and while exercising reasonable care for her own safety, multiple boxes fell on

Plaintiff causing her to sustain severe personal injuries.  More specifically, Plaintiff was attempting

to retrieve an item from the shelf in front of her, when a box behind her fell on her back and neck.

After the first box fell, other boxes then fell on top of Plaintiff. At all relevant times, Plaintiff was

acting with reasonable and prudent regard for her own safety.

12)        At all times relevant herein, Family Dollar #2180 business and/or premises was

open to Plaintiff and to those members of the public at large who might go there as business

invitees.

13)        Defendants, as owners and operators of the store, or through their agents or

employees, failed to properly maintain the shelving to prevent it falling and/or failed to properly

stack the boxes on the shelf to prevent them from falling.

14)        Defendants failed to warn Plaintiff of the dangerous conditions caused by the

improperly maintained shelving and/or improperly stacked boxes.

15)    The shelf had been improperly maintained and/or the boxes improperly stacked for a sufficient time that Defendants knew or should have known that the shelf and/or boxes were likely to fall.

### IV. Negligence and Gross Negligence– Premises Liability

16)    All allegations in the preceding paragraphs are incorporated hereto, as if fully set forth herein.

17)    Premises liability attaches when: "(1) a negligent act by the defendant caused the plaintiff's injury; or, (2) that defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant." *Byrne v. Wal-Mart Stores, Inc.*, 877 So.2d 462, 465 (Miss. Ct. App. 2003) (citing *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995)).  When the dangerous condition is created by the defendants or someone under their authority, proof of defendants' knowledge of the dangerous condition is not required. *K-Mart Corp. v. Hardy*, 735 So. 2d 975, 981 (Miss. 1999).

18)    Defendants' failure to safely maintain the shelving and/or properly stack the boxes to prevent them from falling was a negligent act which created the dangerous conditions which caused Plaintiff's injuries.

19)    At all times material hereto, Defendants had a duty of care to keep the premises in a reasonably safe condition, such that business invitees might use them in an ordinary and reasonable way without danger, including, but not limited to:

   a. To use reasonable and ordinary care to keep and maintain the premises in a
      reasonably safe condition;

b.  To keep the premises free from defects and hazardous conditions that could reasonably and foreseeably cause harm and injury;

c.  To take reasonable and necessary steps to warn of the existence of dangerous and hazardous conditions on the premises;

d.  To take reasonably necessary steps to correct, eliminate, and prevent dangerous and hazardous conditions existing on its premises; and

e.  To use and exercise reasonable care to protect those who are business invitees on the premises and to correct and remedy discoverable conditions constituting hazards and danger on its premises.

20)    Defendants failed to perform and violated or breached the duties they owed Plaintiff, and such failures, violations, and breaches constituted negligence and/or gross negligence on the part of Defendants, including, but not limited to:

a.  Failing to use reasonable care to keep and maintain the premises in a reasonably safe condition;

b.  Failing to keep the premises free from defects and conditions that could reasonably and foreseeably cause injury to Plaintiff and others;

c.  Failing to warn Plaintiff and others of the existing hazardous and dangerous conditions;

d.  Failing to take reasonably necessary steps to correct, remedy, and prevent a hazardous condition on its premises which Defendants knew or should have known existed; and

e.  Failing to exercise reasonable care to protect Plaintiff and to remedy or prevent reasonable discoverable conditions which were hazardous and dangerous to her while on said premises.

f.  Failure to properly train employees on aisle maintenance and stocking of merchandise

### V.    Damages

21)    As a direct and proximate result of the above acts of negligence, and/or gross negligence, and breaches of legal duties owed to her by Defendants, Plaintiff has suffered damages, including, but not limited to:

a.  Hospital bills, doctor bills, prescription drug bills, and other medical and medical-related expenses which have been incurred and which may continue to be incurred in the future;

b.  Past, present, and future physical pain and suffering;

c.  Past, present, and future emotional and mental suffering and anguish;

d.  Temporary and permanent physical impairment or disability;

e.  Loss of enjoyment of life;

f.  Loss of wages and loss of ability to earn wages; and

g.  Punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests a trial by jury and prays a judgment of, from, and against Defendants for a sum in an amount within the jurisdictional limits of this Court, all costs and expenses associated with the prosecution of this matter, prejudgment and post-judgment interest as permitted by law, attorney's fees, and for any further relief that this Court may deem just and proper.

Respectfully submitted, this the 14th day of September 2023.

VICKIE JONES, PLAINTIFF

By: _____

Adrienne Aikens MSB#103674
Schwartz & Associates, P.A.
162 E. Amite Street
Jackson, Mississippi 39201
T: (601) 988-8888
F: (601) 353-0217
aaikens@1call.org